SULLIVAN LAW
A Professional Corporation
J. D. SULLIVAN, NV Bar No. 5516
GENE M. KAUFMANN, NV Bar No. 6704
1625 Highway 88, Suite 401
Minden, Nevada 89423

Telephone:   (775) 782-6915
Telecopier:  (775) 782-3439

Attorneys for Plaintiff
RUB-U-RITE TRUCKING, INC.
dba Nevada Organics

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUB-U-RITE TRUCKING, INC. dba Nevada Organics, a Nevada corporation,<br><br>              Plaintiff,<br><br>         vs.<br><br>NEVADA ORGANIX LLC, a Nevada limited liability company; and DOES 1 through 50, inclusive,<br><br>              Defendants.<br>_____/ | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**<br><br>**Lanham Act, 15 U.S.C. §§1051 et seq.**<br><br>**DEMAND FOR TRIAL BY JURY** |

COMES NOW PLAINTIFF, RUB-U-RITE TRUCKING, INC. dba Nevada Organics ("Nevada Organics" or "Plaintiff"), a Nevada corporation, by and through its undersigned counsel, and files this Complaint against the above-named Defendants, averring and alleging as follows:

**PREFACE**

1.  This is an action to enjoin and collect damages stemming from Defendant Nevada Organix LLC's ("Nevada Organix" or "Defendant") intentional acts of trademark infringement and unfair

competition under the Lanham Act, 15 U.S.C. §1051 et seq., as well as common law and state law.

### JURISDICTION, VENUE, AND PARTIES

2. This case and controversy arise under the laws of the United States and the State of Nevada.

3. This Court has original jurisdiction of this trademark matter, pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the related state and common law claims set forth below, pursuant to 28 U.S.C. §1367. Nevada Organics' claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq. ("Lanham Act"), and substantial and related claims under the statutory and common law of the State of Nevada.

4. Nevada Organics is a Nevada corporation with its principal place of business in Carson City, Nevada.

5. Nevada Organix is a Nevada limited liability company with its principal place of business in the State of Nevada, having been formed in Carson City, Nevada.

6. The true names and/or capacities of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore cannot identify them at this time. When the true identities and/or capacities of DOES 1 through 50 are ascertained, Plaintiff will seek leave of court to amend this Complaint to reflect the same.

7. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants is, and at all times herein mentioned was, the agent, servant, co-conspirator, and employee of each of the remaining Defendants, and each of the acts or failures to act of each of the Defendants, as herein alleged, were within

the course and scope of each such Defendant's authority as such agent, servant, and employee, with the permission, consent, knowledge, prior authorization, and subsequent ratification of each of the remaining Defendants.

8. Venue is proper in the District of Nevada, under 28 U.S.C. §1391(b), in that Defendant, Nevada Organix, "resides" (see 28 U.S.C. §1391(c)(2)) in the district, as an LLC filed in Carson City, Nevada and subject to personal jurisdiction there; and a substantial part of the events or omissions, giving rise to the within claims, took place in the district, specifically in and about Carson City, Nevada.

**GENERAL ALLEGATIONS**

9. Nevada Organics realleges Paragraphs 1 through 8 and incorporates same herein by reference, as though expressly set forth herein.

10. Nevada Organics has been using its trademark, NEVADA ORGANICS®, for selling its landscaping and roadway products, including humus and soils, since as early as March 8, 1995.

11. The United States Patent and Trademark Office registered the NEVADA ORGANICS® trademark on September 29, 2015.  See the attached Exhibit A, U. S. Trademark Certificate of Registration of NEVADA ORGANICS®, for organic landscape materials, namely humus and top soil.  Therefore, Plaintiff is presumed to have the exclusive right to use the NEVADA ORGANICS® mark, in Nevada and throughout the United States, in relation to the same or similar goods and services.

12. Similarly, on March 11, 2015, the Nevada Secretary of State registered the NEVADA ORGANICS® trademark in the State of

- 3 -

Nevada, for sales and delivery of landscape and roadway materials, decomposed granite, humus, topsoil, rock, and sand. See the attached Exhibit B Nevada Certificate of Registration for NEVADA ORGANICS®.

13. On information and belief, Defendant Nevada Organix has been in the process of licensing and preparing to open a marijuana cultivation, production, and dispensing business in Nevada since on or about October 4, 2013. See Exhibit E, pages 21-26, evidencing Secretary of State formation of Nevada Organix and State marijuana licensing.

14. Nevada Organics does business in and about the Carson City area, where Nevada Organix has obtained its Nevada State license to cultivate, produce, and dispense marijuana products. Id.

15. There is a likelihood of confusion, in the public's mind, as to the source of the NEVADA ORGANICS® and NEVADA ORGANIX branded goods and services.

16. Nevada Organix use, or intended use, of the NEVADA ORGANIX mark infringes and imminently threatens to infringe upon Nevada Organics' longstanding use of the NEVADA ORGANICS® mark. There has already been actual public confusion, by way of misdirected phone calls. See the attached Exhibit C Misdirected Phone Log.

17. Nevada Organix is actually aware of its infringement and so far has refused to cease its infringing activities. The continuous infringing and infringement threatening activities by Nevada Organix are therefore, by definition, willful. This is an "exceptional" trademark infringement case under the Lanham Act.

See, e.g., Exhibit D hereto, wherein, by press account, Defendant's principal, Bill Myer, admits during a public hearing before the Carson City Planning Commission, in response to allegations of confusion between the NEVADA ORGANICS and NEVADA ORGANIX marks, that "if problems arise he can communicate about what might be done." However, Defendant and Mr. Myer have been repeatedly advised of infringement problems, in public hearings, and by way of multiple cease-and-desist letters. But Defendant has nevertheless failed and refused to communicate, respond to cease and desist letter, or stop use and threatened use of the infringing NEVADA ORGANIX mark. See the attached Exhibit E  Cease and Desist Letters delivered to Nevada Organix by Plaintiff's attorney, which have been utterly ignored, further confirming that  this is an exceptional trademark infringement case under the Lanham Act.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT**

**Violation of Lanham Act, 15 U.S.C. §1114**

**(against all Defendants)**

18.   Nevada Organics realleges Paragraphs 1 through 17 and incorporates same herein by reference, as though expressly set forth herein.

19.   Defendants' distribution, marketing, promotion, offering for sale, and sale of goods that bear the NEVADA ORGANIX name, or threat thereof, is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' goods.

20.   As a result of Defendants' unauthorized use of trademarks that are confusingly similar to Nevada Organics' federally and

state-registered NEVADA ORGANICS® mark, the public is likely to believe that Defendants' goods have been manufactured, approved by, or are affiliated with Nevada Organics. Consequently, Nevada Organics' ability to gain revenue through the sale of merchandise bearing the NEVADA ORGANICS® mark is being limited and infringed on by Nevada Organix.

21. Defendants' unauthorized use of the confusingly similar NEVADA ORGANIX trademark falsely represents Defendants' products as emanating from or being authorized by Nevada Organics and places beyond Nevada Organics' control, the quality of products bearing, and the message associated with, the Nevada Organics' registered NEVADA ORGANICS® trademark.

22. Defendants' infringement of the NEVADA ORGANICS® trademark is willful, intended to reap the benefit of the goodwill of Nevada Organics, and violates Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

23. As a result of Defendants' wrongful conduct, Nevada Organics has suffered, and will continue to suffer, substantial damages and irreparable harm.

24. Under 15 U.S.C. §1117(a), Nevada Organics is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

25. Nevada Organics is also entitled to injunctive relief pursuant to 15 U.S.C. §1116(a). Nevada Organics has no adequate remedy at law for Defendants' wrongful conduct, because among other things, (a) the NEVADA ORGANICS® trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes irreparable harm to Nevada

- 6 -

1  Organics, such that Nevada Organics could not be made whole by any
2  monetary award, (c) if Defendants' wrongful conduct is allowed to
3  continue, the public is likely to become further confused,
4  mistaken, or deceived as to the source, origin, or authenticity of
5  the infringing materials, and (d) Defendants' wrongful conduct, and
6  the resulting damage to Nevada Organics, is continuing.

7     26.  Nevada Organics is also entitled to an order compelling
8  the impounding of all infringing materials being used, offered,
9  marketed, or distributed by Defendants.

10    27.  Further, Nevada Organics is entitled to recover its
11 attorney's fees and costs of suit pursuant to 15 U.S.C. §1117, in
12 that this is an exceptional case of trademark infringement.

### SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
### Violation of Lanham Act, 15 U.S.C. §1125(a)
### (against all Defendants)

17    28.  Nevada Organics realleges Paragraphs 1 through 27 and
18 incorporates same herein by reference, as though expressly set
19 forth herein.

20    29.  Defendants' distribution, marketing, promotion, offering
21 for sale, and sale of goods bearing the NEVADA ORGANIX trademark
22 constitute false designations of origin and false descriptions or
23 representations that Defendants' products originate from or are
24 authorized by Nevada Organics, when in fact they are not.  Such
25 conduct limits Nevada Organics' ability to interact with potential
26 supporters and gain contributions through the sale of merchandise
27 bearing the original NEVADA ORGANICS® trademark.
28 ///

30. As a result of Defendants' unauthorized infringement of the NEVADA ORGANICS® trademark by use of a mark or marks that are confusingly similar to the NEVADA ORGANICS® trademark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' products.

31. Defendants' conduct is willful, and intended to reap the benefit of Nevada Organics' goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

32. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

33. As a result of Defendants' wrongful conduct, Nevada Organics has suffered and will continue to suffer damages and irreparable harm. Nevada Organics is entitled to injunctive relief and to an order compelling the impounding of all imitation and infringing trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants.

34. Nevada Organics has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) the NEVADA ORGANICS® trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes harm to Nevada Organics' such that Nevada Organics' could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Nevada Organics is continuing.

///

35.  The Lanham Act allows for an award of attorney's fees in "exceptional cases."  15 U.S.C. §1117(a).  A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully.  See, e.g., *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010).  Due to Nevada Organix' deliberate, and willful conduct, this is an exceptional case entitling Plaintiff to an award of attorney's fees.

### THIRD CAUSE OF ACTION

### NEVADA STATUTORY TRADEMARK INFRINGEMENT

### Violation of NRS Chapter 600

### (against all Defendants)

36.  Nevada Organics realleges Paragraphs 1 through 35 and incorporates same herein by reference, as though expressly set forth herein.

37.  Defendants' use of the infringing NEVADA ORGANIX mark, without the consent of Nevada Organics, in connection with the sale, offering for sale or advertising of Nevada Organix' goods or services, is likely to cause confusion or mistake or result in deception as to the source of origin of such goods or services.

38.  As a result of Defendants' unauthorized use of the infringing NEVADA ORGANIX mark, which is a colorable imitation of the federally and state registered NEVADA ORGANICS® mark, the public is likely to believe that Defendants' goods have been manufactured, approved by, or are affiliated with Nevada Organics, and be confused.  Consequently, Nevada Organics' ability to gain revenue through the sale of merchandise bearing the NEVADA ORGANICS® mark is being limited, diluted, and infringed upon by

Nevada Organix.

39. Defendants' unauthorized use of the confusingly similar NEVADA ORGANIX trademark falsely represents Defendants' products as emanating from or being authorized by Nevada Organics and places beyond Nevada Organics' control, the quality of products bearing, and the message associated with, the registered NEVADA ORGANICS® trademark.

40. Defendants' infringement of the NEVADA ORGANICS® trademark is willful and intentional, intended to be used to cause confusion, mistake or deception, intended to reap the benefit of the goodwill of Nevada Organics, and violates NRS 600.420(2).

41. As a result of Defendants' wrongful conduct, Nevada Organics has suffered, and will continue to suffer, substantial damages. Under NRS 600.430, Nevada Organics is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

42. In addition, because Defendants' infringement of the NEVADA ORGANICS® trademark was willful and intentional, within the meaning of NRS 600.420(2), the award of actual damages and profits should be trebled pursuant to NRS 600.430(2)(c).

43. Nevada Organics is also entitled to injunctive relief pursuant to NRS 600.430(2)(a). Nevada Organics has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) the NEVADA ORGANICS® trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes irreparable harm to Nevada Organics such that Nevada Organics could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to

continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing products, and (d) Defendants' wrongful conduct, and the resulting damage to Nevada Organics, is continuing.

44. Pursuant to NRS 600.430, Nevada Organics is entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants, and to trebled damages, because Defendants' violations consist of the intentional imitation and infringement of Plaintiff's registered trademark.

45. Nevada Organics is also entitled to recover its attorney's fees and costs of suit pursuant to NRS 600.430(3).

**FOURTH CAUSE OF ACTION**

**COMMON LAW TRADEMARK INFRINGEMENT**

**(against all Defendants)**

46. Nevada Organics realleges Paragraphs 1 through 45 and incorporates same herein by reference, as though expressly set forth herein.

47. Defendants' aforesaid conduct constitutes trademark infringement in violation of the common law of the State of Nevada.

48. Upon information and belief, Defendants' conduct was and is willful and intentional.

49. By reason of Defendants' conduct, Nevada Organics has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which Nevada Organics has no adequate remedy at law.

*///*

*///*

**FIFTH CAUSE OF ACTION**

**COMMON LAW UNFAIR COMPETITION**

**(against all Defendants)**

50.  Nevada Organics realleges Paragraphs 1 through 49 and incorporates same herein by reference, as though expressly set forth herein.

51.  Defendants' aforesaid conduct constitutes unfair competition in violation of the common law of the State of Nevada.

52.  Upon information and belief, Defendants' conduct was and is willful and intentional.

53.  By reason of Defendants' conduct, Nevada Organics has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable injury for which Nevada Organics has no adequate remedy at law.

WHEREFORE, Nevada Organics prays that:

1.  Defendants and their affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, attorneys, and persons, firms or corporations under their control, or in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a) using the NEVADA ORGANIX mark, or any other trademarks that are confusingly similar to the registered NEVADA ORGANICS® trademark, for retail or wholesale products, or making any other unlawful use of the NEVADA ORGANICS® trademark;

(b) directly or indirectly engaging in any conduct that tends to falsely represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public to believe that the actions of Defendants are sponsored by,

licensed by, or in any way affiliated or connected with Nevada Organics.

2. The Court order an accounting of Defendants' profits gained as a result of their infringing activities and otherwise unlawful actions;

3. The Court award Nevada Organics all profits received by Defendants from sales and revenues of any kind made as a result of their infringing activities and otherwise unlawful actions;

4. The Court award Nevada Organics all damages sustained by Nevada Organics as a result of Defendants' acts of infringement in an amount to be proved at trial, and that such damages be trebled;

5. The Court award Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

6. The Court award Nevada Organics interest, costs, and attorney's fees pursuant to, inter alia, 15 U.S.C. §1117(a) and NRS 600.430(3), finding that this is an exceptional case under the Lanham Act.

7. The Court order that Defendants file with this Court and serve upon Nevada Organics within thirty (30) days following this Court's injunction, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction; and

8. The Court award Nevada Organics such other and further relief as the Court deems just and proper.

///
///
///

```
Dated:   December 11, 2015          SULLIVAN LAW
                                    A Professional Corporation


                               By:  /s/ J. D. SULLIVAN

                                    Attorneys for Plaintiff,
                                    RUB-U-RITE TRUCKING, INC. dba
                                    Nevada Organics
```

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury in the above entitled action, of all issues so triable, pursuant to FRCP Rules 38 and 39, and related case law.

```
Dated:   December 11, 2015          SULLIVAN LAW
                                    A Professional Corporation


                               By:  /s/ J. D. SULLIVAN

                                    Attorneys for Plaintiff,
                                    RUB-U-RITE TRUCKING, INC. dba
                                    Nevada Organics
```